UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

LEXI NORTH BAY LLC, a Florida
limited liability company

        Movant,

v.

LEXI DEVELOPMENT COMPANY, INC.
a Florida corporation; and NVB LOAN
ACQUISITION, LLC,

        Respondents.           /

IN RE:

LEXI DEVELOPMENT COMPANY, INC.,

        Debtor.           /

CASE NO.  10-27573-AJC
CHAPTER 11

LEXI DEVELOPMENT COMPANY, INC.
a Florida corporation,

        Plaintiff,

v.

LEXI NORTH BAY LLC, a Florida
limited liability company, and GREAT
FLORIDA BANK, a Florida banking
corporation,

        Defendants.           /

ADV. PRO. NO. 10-03582-AJC

GREAT FLORIDA BANK, a Florida banking
corporation,

        Cross-Plaintiff,

v.

LEXI NORTH BAY LLC, a Florida limited
liability company,

        Cross-Defendant.           /

## LEXI NORTH BAY LLC'S MOTION FOR STAY
## PURSUANT TO RULE 5011

Lexi North Bay LLC ("North Bay") moves this Court for entry of its Order staying the trial of this bankruptcy adversary proceeding pending this Court's resolution of North Bay's Motion to Withdraw the Reference. The Bankruptcy Court, on March 24, 2016, entered its order denying a stay.

This is this case's third time before the District Court. North Bay is the senior first mortgage lender to the Debtor, Lexi Development Company, Inc. NBV Loan Acquisition, LLC ("NBV")[1], purchaser of a collateral assignment of junior mezzanine debt of the Debtor, and the Debtor claim that NBV should be entitled to an equitable lien prior in right to the first real estate mortgage held by North Bay, because of an alleged failure of North Bay and its predecessor, Regions Bank, to give notice to the junior mezzanine lender of certain defaults by the Debtor upon the first mortgage.

In 2012, the Bankruptcy Court entered summary final judgment, on the same complaint, determining that the Debtor was excused from paying default rate

---

[1] NBV, owned and controlled by Allen Greenwald, the junior mezzanine lender purchased the collateral assignment from Great Florida Bank's successor Florida Community Bank, N.A. NBV was substituted as a party weeks before trial. That loan had been collaterally assigned to Great Florida Bank as collateral for an $8,000,000.00 loan from Great Florida Bank to Allen Greenwald. Allen Greenwald is also the father of Scott Greenwald – the principal of the Debtor – and an insider of the Debtor.

interest to North Bay because North Bay's predecessor had breached an Intercreditor Agreement between it and the junior mezzanine lender.

This Court reversed. A copy of this Court's opinion dated September 18, 2014 is attached as Exhibit 1. The Court said: "Lexi was not a party to the Intercreditor Agreement or Letter Agreement between Regions/North Bay and the Greenwald lenders/GFB, and the Bankruptcy Court erred in interpreting these Agreements to vitiate the express terms of the Regions Loan Agreement with Lexi." Exhibit 1, p. 10. This Court remanded the matter to the Bankruptcy Court for further proceedings consistent with that decision.

This Court's order resolves the core bankruptcy issues between North Bay and the Debtor, leaving only a dispute between two creditors of the Debtor, a non-core matter. Therefore, North Bay has moved this Court to withdraw the reference and asked the Bankruptcy Court to stay this adversary proceeding pending determination of that motion.

The Bankruptcy Court, however, refused to stay the matter and it is presiding over trial. Indeed, the Bankruptcy Court is allowing the Debtor to now argue that it is a party to the Intercreditor Agreement – a new argument contrary to this Court's holding on appeal, in violation of the mandate rule and the law of the case and contrary to the Debtor's representations to this Court.

Therefore, North Bay asks this Court to stay the trial as all core bankruptcy issues were resolved by this Court's prior order.

1. Lexi North Bay LLC has asked this Court to withdraw the reference under 28 U.S.C. § 157(d) because all core issues between the Debtor and North Bay have been decided.

2. Specifically, this Court held that North Bay may collect default interest from the Debtor, Lexi Development Company, Inc. under the loan agreement between Lexi Development Company, Inc. and North Bay's predecessor, Regions Bank. *S*ee Exhibit 1.

3. The Debtor, and NBV Loan Acquisition, LLC's predecessor in interest appealed that decision to the Eleventh Circuit Court of Appeals. The Eleventh Circuit dismissed the appeal stating:

> Appellants have appealed from the district court's September 18, 2014 remand order, which affords the bankruptcy court considerable discretion to make further liability determinations regarding actual and potential cross-claims. Because the bankruptcy court must exercise significant judicial activity involving considerable discretion in implementing the district court's remand order, the underlying adversary proceeding had not been finally resolved, the order appealed from is non-final, and we lack jurisdiction over this appeal…

*See* Exhibit 2.

4. Therefore, the remaining claims are non-core. They are between two creditors: North Bay (a creditor of the Debtor) and NBV Loan Acquisition, LLC (an alleged creditor of the Debtor).

5. Federal Rule of Bankruptcy Procedure 5011(c) provides:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. §1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge. Relief granted by the district judge shall be on such terms and conditions as the judge deems proper.

6. North Bay followed the Rule 5011 procedure. It first filed a motion to stay with the Bankruptcy Court. That Motion was heard on March 17, 2016 at the commencement of trial and an order denying the motion was entered on March 24, 2016. *See* Exhibit 3.

7. North Bay directed the Bankruptcy Court to this Court's July 14, 2015 Order (entered in denying North Bay's Motion for Leave to File Interlocutory Appeal) which provides in part:

> The Court notes that on appeal, Appellant raised the issue of whether [Debtor] Lexi was a party to the intercreditor agreement and [Debtor] Lexi represented to the Court that it was not a party to the intercreditor agreement and was not contesting that issue.[2]  The Court has every confidence that the bankruptcy court will properly apply the mandate rule in accordance with this Court's and the Eleventh Circuit's order.

*See* Exhibit 4, p. 5.

8.      The Debtor urged the Bankruptcy Court that it was absolutely proper to hold a trial on whether or not the Debtor was a party to the Intercreditor Agreement.

9.      The Bankruptcy Court questioned the Debtor's counsel about the concessions he had made to this Court – i.e. "I know l am not a party to that agreement [the intercreditor agreement], I know I don't have a right to sue under that agreement…"

---

[2] That Order contains the following footnote: "*See, e.g.*, *In Re:* Lexi Development Co., Inc., Case No. 12-cv-22589 (S.D. Fla. 2012),DE 8 at 15-17;DE 16 at 16 ["The Debtor did not bring claims based on the Intercreditor Agreement. . . Debtor is not a third-party beneficiary of the Intercreditor Agreement"]); DE 25 at 4:4-6 [The Court: "Nobody is contesting that Lexi was not a party to the intercreditor agreement, correct?" Mr. Miller: "Correct."]; DE 25 at 28:4-14 [Mr. Russin: "An excellent question, Your Honor. But for an intercreditor agreement, I would say a junior mortgage holder would have the right to cure. Frankly, that's not in the records, and it's not a legal issue here because we have a written agreement between Great Florida Bank and North Bay. And again, I am speaking on that issue - and I know I am not a party to that agreement, I know I don't have a right to sue under that agreement..."].

10.     In response to questions from the Bankruptcy Court concerning the issues remaining, Debtor's counsel claimed that the Bankruptcy Court had not yet determined whether or not the Debtor was a party to the Intercreditor Agreement, that this Court could therefore not have reached the issue in its prior ruling, that his statements to this Court on the initial appeal that the Debtor was not a party to and had no standing to sue under the Intercreditor Agreement were taken out of context, that there was confusion (apparently on this Court's part) and that he was addressing the Debtor's third party beneficiary status.  Debtor's counsel claimed that whether the Debtor was a party to the Intercreditor Agreement was raised by this Court *sua sponte,* having never been raised in the briefs or in the prior proceedings.[3]  Debtor's counsel's statements are rife with misstatement, and in significant part, palpably false.

---

[3]  North Bay's appellate brief repeatedly states the Debtor is not a party to the Intercreditor Agreement.  In the "Statement of the Case", North Bay said: "The lower court erroneously based its ruling on the alleged breach by Regions Bank, North Bay's predecessor, of a separate contract, the Intercreditor Agreement, to give notice to Junior Lenders of Debtor's default. The Debtor is neither a party to nor a third party beneficiary of the Intercreditor Agreement." *See* Exhibit 5, p. 6.  In the "Summary of the Argument" North Bay wrote: "…a purported breach of the Intercreditor Agreement (an agreement to which the Debtor was not a party nor third-party beneficiary)…"  *See id.*, p. 12.   An argument heading reads "The Bankruptcy Court Erred When it Modified the Senior Lender's Contractual Right to Obtain Default Interest from the Debtor…Based on the Senior Lender's Purported Breach of a Separate Contract – the Intercreditor Agreement – to Which the Debtor is Neither a Party nor a Beneficiary."  *See id.*, p. 13.  It also includes a subheading stating: "The Debtor was neither a party nor third-party beneficiary of

11. The Intercreditor Agreement is Exhibit "F" to the Compliant upon which the case proceeded on cross-motions for summary judgment by all parties. To suggest it was not previously considered who was a party to the agreement and what standing they had can only refer to the fact that Debtor and NBV's predecessor did not raise the arguments previously.

12. In addressing the Motion to Stay in the Bankruptcy Court, Counsel for the Debtor stated:

> [DEBTOR'S COUNSEL]: In addition, your Honor, when you entered summary judgment a long time ago, on behalf -- in favor of the debtor, and against North Bay, there was no consideration by this Court of the signature on the intercreditor agreement.
>
> The argument before Judge Williams was whether the debtor was a third party beneficiary. The argument was raised for the first time at oral argument as a question by Judge Williams, and our view at that time was that the debtor was not a third party beneficiary. We didn't say that the debtor was not a party.
>
> Our reference to the term "party" was that we can't sue as a third party beneficiary. The reason we didn't get into whether we could sue as a party is because that was not part of your Honor's consideration in entering the summary judgment that was on appeal. That was not a finding of fact. It was not an issue on summary judgment. That was a matter that was going to be tried if we ended up back in front of your

---

the Intercreditor Agreement…" *See id.*, p. 15.   North Bay also argued "it is established Florida law that a party who is neither a party nor third-party beneficiary of a contract cannot enforce that contract." *See id.*, p. 16.  On page 17, North Bay contended "the Debtor was neither a party to nor third-party beneficiary of the Intercreditor Agreement…Accordingly, the Debtor cannot enforce the Intercreditor Agreement…" *See id.*, p. 17.

> Honor, which we did, or if your Honor had originally denied the motion for summary judgment.
>
> So, while certainly the terms party and third party beneficiary are clearly being confused and taken out of context, and while we certainly understand that Judge Williams, you know, ruled what she ruled, her ruling was not based on a fact that your Honor found. Her ruling was based on, in our view, as best can be presumed, because we were frankly surprised by it, on her interpretation of the oral argument in front of her, not even the papers that were filed before Judge Williams on appeal.[4]
>
> So, we believe that the signature itself remains a fact that your Honor has not considered the impact of, or considered the existence of at all, and that that needs to be tried today for the first time.

*See* Exhibit 8 (Trial Transcript, March 17, 2016), pp.25-26.

> And:
>
> [DEBTOR'S COUNSEL]: Judge Williams, in her order denying that motion, in complete dicta, in our view, made reference to this party issue, and made reference to statements that were made on the record at oral argument, not even in the pleadings, nowhere in the briefs before Judge Williams, and while she may have made those

---

[4] Notwithstanding counsel's statements, in the Debtor's answer brief on prior appeal, Debtor urged that North Bay could not argue that "the Bankruptcy Court erred when it used equitable concepts to modify the Senor Loan to include a condition of compliance with a separate contract before default interest could accrue.", (Exhibit 6 – Debtor's Answer Brief – at pp.8-9) and raised, as point II. D. in the same brief that "Whether the Debtor is a Third Party Beneficiary of the Intercreditor Agreement is Irrelevant." *See* Exhibit 6, pp. ii and 16. Great Florida Bank's (NBV's predecessor in interest) Answer Brief acknowledged that North Bay's "argument takes a variety of forms, many of which were never raised in the Bankruptcy Court and accordingly are waived on appeal…that Lexi, the Debtor, was not a party to or third-party beneficiary of the Inercreditor Agreement and therefore cannot enforce it." *See* Exhibit 7, p. 14.

>   statements in her order, that is not a ruling that is binding on this Court…[5]

*See* Exhibit 8, p. 27

And:

>   [DEBTOR'S COUNSEL]: The only issue was this third -- no third party beneficiary clause that's in the intercreditor agreement, but it's pretty axiomatic, if you look at Black's Law dictionary, it's axiomatic that if you're a party, of course you're not a third party beneficiary. You can't be both. You're either a party or you're not -- or you're a third party beneficiary, or you're neither, and in our case we know we're not a third party beneficiary, and that's what I was addressing in front of Judge Williams, and if the oral argument got confusing, perhaps it did, but that was the issue at stake at that time and, frankly, I believe it got -- it was becoming confused because the initial question that Judge Williams asked was to Mr. Miller, and Mr. Miller, I'm not suggesting purposely, but Mr. Miller said that –

*See* Exhibit 8, pp. 28-29.

And:

>   THE COURT: All right. So, yes, tell me about that footnote. The argument from your opposition is that you conceded that they're not a party.
>
>   [DEBTOR'S COUNSEL]: No. What -- yes. Well, no, here is what happened: Judge Williams asked a question, is Lexi a party? What we were talking about was third party beneficiary. She didn't use "third party beneficiary". She used the term "party", and that was the first time that that issue was raised. Mr. Miller stated, everybody agrees we're not a party. I interpreted that to mean that we were talking about us not being a third party beneficiary, because that was the subject

---

[5] *See* Exhibit 5, pp. 6, 12-13, 15-17 and Exhibit 6, p. 16, where this very issue was raised in the parties' briefs.

matter that was at issue on appeal, not whether we were a party. So when I answered the question, I can't -- we can't sue, we can't sue on that agreement. I was answering the question that we can't sue as third party beneficiary, but you'll note, your Honor, that I also said that ---

THE COURT: You said I know I don't have a right to sue under that agreement.

[DEBTOR'S COUNSEL]: But I also said it's not a legal issue here because we have a written agreement. I said the issue that was being raised was not an issue that we were dealing with. The issue we were dealing with was a third party beneficiary in any event, and I simply said that we're not a third party beneficiary, although I used the same term that Judge Williams was using and Judge Miller (sic) was using.[6]

*See* Exhibit 8, pp. 30-31.

13. After this exchange, the Bankruptcy Court denied North Bay's Motion to Stay and proceeded with day one of trial; only one witness was called – the principal of the Debtor – and that witness remains on the stand for cross-examination. Day two of trial is set for April 15, 2016.

14. North Bay now asks this Court to stay that trial.

15. North Bay demonstrates the requisite grounds for a stay: the likelihood that its Motion to Withdraw the Reference will be granted; that it will suffer irreparable harm if the stay is denied; that NBV and the Debtor will not be

---

[6] In North Bay's Initial Brief on prior appeal, the very first issue it identified as being presented for review was: "Whether the Bankruptcy Court erred in entering Final Judgment modifying the Senior Lender's contractual right to obtain default interest from the Debtor based on the Senior Lender's purported breach of a separate contract—the Intercreditor Agreement." *See* Exhibit 5, p. 5.

harmed by the stay; and that the public interest will be served by granting the stay. *See In re Eagle Enterprises, Inc.*, 259 B.R. 83, 86-87 (Bankr. E.D. Pa. 2001).

16. North Bay's Motion to Withdraw the Reference will likely be granted because the actual and potential cross-claims to be decided involve two alleged creditors and are governed by Florida State law issues. This dispute is non-core.

17. North Bay will suffer irreparable harm if the stay is denied, as it will be forced to re-try issues already decided and incur the risk of inconsistent results.

18. There will be no harm to NBV and the Debtor if a stay is granted. Trial is not set commence again until April 15, 2016   Trial will take at least three to five more days. If a stay is granted so this Court can decide the Motion to Withdraw the Reference, the only risk to NBV and the Debtor is another delay.

19. A stay will serve the public interest. North Bay's motion raises well founded concerns this is now a non-core proceeding that should be withdrawn. Also, given the record already developed, North Bay has a reasonable basis to fear that the trial court is ignoring the mandate rule and the law of the case.

WHEREFORE, Lexi North Bay LLC respectfully requests this Honorable Court stay this adversary proceeding until it can adjudicate North Bay's pending Motion to Withdraw the Reference and granting such other and further relief as this Court deems just and proper.

> By: /s/ Kenneth G.M. Mather
> Raymond V. Miller
> Florida Bar No. 328091
> Email: rmiller@gunster.com
> Kenneth G.M. Mather
> Florida Bar No. 619647
> E-mail: kmather@gunster.com
> Michael B. Green
> Florida Bar No. 87571
> E-mail: mgreen@gunsterc.om
> Gunster, Yoakley & Stewart, P.A.
> Brickell World Plaza – Suite 3500
> 600 Brickell Avenue
> Miami, FL  33131
> Telephone: (305) 376-6000
> Facsimile: (305) 376-6010
>
> Attorneys for *Lexi North Bay, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2016, a true and correct copy of the foregoing was served via CM/ECF electronic transmission upon those parties who are registered with the Court to receive electronic notifications in this matter.

> By: /s/Kenneth G. M. Mather
> Kenneth G.M. Mather
> Florida Bar No. 619647

MIA_ACTIVE 4450266.7